February 6, 1911.

————o————

5170.

(Court of Appeal, Parish of Orleans.)

## JOSEPH MILLER vs. MRS. C. LAFONTAINE.

A case will not be remanded for the admission of evidence, even though improperly excluded, when the evidence is such, that, even if admitted, the result would not be changed.

Appeal from the Civil District Court, Division "B."

J. Zach. Spearing, W. McL. Fayssoux, Dinkelspiel, Hart & Davey, attorneys.

O. M. Long, Merrick and Lewis for defendant and appellant.

ST. PAUL, J.—Plaintiff issued executory process against defendant, and the latter enjoined the seizure alleging that the signature to the note sued on was not hers.

She admitted that she had once signed a note of the same date and of similar tenor and that to secure the

same she had executed a mortgage of even date therewith. But she averred that of two pieces of property so appearing to be mortgaged, one had been fraudulently inserted after the act was signed and without her knowledge or consent. She did not, however, deny her signature to the act of mortgage.

She further alleged that she had paid to the notary, Robert J. Maloney, (who she alleges, was then the agent for plaintiff), the full amount of the note given by her.

On the trial of this case she denied, under oath, her signature to the note sued on and rested her case.

Plaintiff then testified in his own behalf that he was the original holder of the note, with which he had never parted, and the defendant had been shown the note by him before suit was filed thereon, and had admitted the signature to be hers. He also produced another witness who testified that the note had also been exhibited to her by him (the witness) and that she had admitted the genuineness of her signature. Plaintiff then introduced, over general objections, the note sued on and the original act of mortgage.

On rebuttal, defendant admitted that she had been spoken to by plaintiff on the subject of a note said to have been signed by herself, and that she had been shown a note of some sort by his witness. But she denied that she had been shown any note by plaintiff, or that the note shown to her by his witness was the identical note before the court; and she denied that she had admitted to either, the genuineness of her signature.

The signature to the note appears to us to correspond with that attached to the act of mortgage, not disputed, and we think that this, with the testimony of the two witnesses and the faith to be attached to the

— 163 —

notarial paraph, is sufficient to overcome the denial of the defendant.

If the evidence as thus stated constituted all the case there would be little doubt as to the correctness of the judgment dissolving the injunction, which is now appealed from, and nothing else to be said.

But defendant urges that evidence, favorable to herself was erroneously excluded, and she now asks that the case be remanded for the purpose of having the same admitted.

The evidence so excluded consists of her own testimony, tendered on rebuttal, to establish; First, that her genuine note had previously been paid to the true holder thereof; and, Second, that at some time subsequent to that at which plaintiff first made his claim upon her, she had been called upon by another party claiming also to be the holder of her note.

This testimony was ruled out by the judge a qua on the ground that the signature to the note sued on having been denied, the only question before the court was the genuineness vel non of that signature, as to which the testimony sought to be adduced would be of no assistance.

But defendant urges that had she been permitted to show that her genuine note had been paid to the true holder, or that it was actually held by a person other than plaintiff, it would have gone far to establish her contention that the note in suit was not the genuine one, as claimed by her.

Even conceding that there is some merit in the suggestion, we do not, however, think that any advantage could result to defendant from our remanding the case.

No testimony but her own was tendered, and on rebuttal only; were we to remand the case it would be only for the purpose of admitting her own testimony

thus excluded and not for the purpose of re-opening the whole case; and this would avail defendant nothing.

For her testimony on the subject of the payment made by her, though excluded at this point, appears elsewhere in the record and shows only that she paid the borrowed money to Robert J. Maloney and took his receipt therefor, instead of demanding her note as she should have done; so that the same is not now in her possession. And the mere fact that she had once been called upon by some other person claiming also to hold her note (but who, up to this time, has made no appearance herein, and taken no steps to enforce collection of the same) would not prevail against the other testimony in the record which is ample to establish that the genuine note is the one held by plaintiff.

We may add that defendant is evidently under a misapprehension as to the regularity and uniformity in appearance of her signature. Whilst the signatures affixed to the note sued on, as well as to the act of mortgage, would readily be taken as written by the same hand which affixed the signature to the appeal bond herein, one would scarcely, however, be inclined to admit, without a very close scrutiny, that the latter was executed by the same hand which signed the affidavit for the injunction. The marked variation between these two signatures, both undoubtedly genuine, show that defendant may well fail at times to recognize her own sign manual.

The judgment appealed from appears to us to be correct, and should be affirmed.

Judgment affirmed.

February 6, 1911.

Rehearing refused, March 6, 1911.